**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DALE MAISANO, )<br>                Plaintiff, )<br>                          )<br>    vs.                        )<br>                          )<br>WEXFORD HEALTH SERVICES also )<br>Known as WEXFORD MEDICAL )<br>SERVICES also known as WEXFORD )<br>HEALTH SORCES, INC.; U.S. ATTY )<br>GENERAL ERIC H. HOLDER; AZ. ST. )<br>ATTORNEY GEN TOM HORNE; AZ. ST. )<br>GOV JANICE K. BREWER; U.S. )<br>SENATOR JON KYLE; ASST. ATTY )<br>GEN. KAREN ROLLEY; COUNTY )<br>SHERIFF CLARENCE W. DUPNIK; )<br>OFFICE OF THE CITY ATTY CRIM. DIV.)<br>JESSIE M. PRINGLE; AZ DEPT OF )<br>HEALTH SERVICES; MACARIO )<br>SALDATE, IV, AZ. House of Reps.; DIR. )<br>DOC CHARLES RYAN; U.S. )<br>COMMISSION ON CIVIL RIGHTS FOIA )<br>OFFICER; NATIONAL COMMISSION )<br>ON CORRECTIONAL HEALTH CARE; )<br>U.S. SENATOR JOHN McCAIN; U.S. )<br>HOUSE OF REPRESENTATIVE JEFF )<br>FLAKE; TRENT FRANKS; JOHN )<br>BARBER; PAUL GASAR; RAUL )<br>GRIJALVA; ED PASTOR; DAVID )<br>SCHWEIKERT; PIMA COUNTY ATTY )<br>BARBARA LAWALL; DEPARTMENT OF)<br>HEALTH AND HUMAN SERVICES; )<br>WARDEN T. SCHROEDER; DEPUTY )<br>WARDEN LANDBURG; CAPTAIN )<br>ROBINSON; ARIZONA STATE OF 1 )<br>UNKNOWN CO; 2 KNOWN CO; )<br>UNKOWN LT. CO 11 MORALES, )<br>               Defendants. ) | Civil Action No. 12-1726<br><br>Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

Dale Frank Maisano ("Plaintiff") is a prisoner in the custody of the Arizona state authorities, currently housed in the Arizona State Prison Complex Tucson, serving a sentence for aggravated assault.  Plaintiff is the classic abusive prisoner litigant.  According to PACER, a search for cases filed by a "Dale Maisano" or "Dale Frank Maisano", reveals that he has filed roughly 298 civil actions in the United States District Courts, mostly in Arizona but, more recently, he filed two cases in this District. He has also filed about 26 appeals to the United States Court of Appeals for the Ninth Circuit.  In fact, since June 1, 2012, Plaintiff has filed a total of 43 cases in the United States District Courts.  As a consequence of his filing so many frivolous cases over the years, not only has he accumulated many more than three strikes under 28 U.S.C. § 1915(e), he is subject to an injunction issued by the United States District Court for the District of Arizona that bars Plaintiff from filing any further actions without leave of the District Court in which he seeks to file the action.  ECF No. 1-1 at 1.  More specifically, the injunction provides that "upon a failure to certify, or upon a false certification, that any claims presented have not been raised and disposed of before, Plaintiff may be found in contempt of court or the Court may enter other available sanctions." ECF No. 1-1 at 6.

Pursuant to the injunction, Plaintiff did provide a certification, stating that "I do certify to the best of my knowledge the claim or claims presented are not frivolous. . . ." ECF No. 1 at 1.

Now, in this Court, Plaintiff has filed an "Application Pursuant to Court Order Seeking Leave to File" (the "Application"), ECF No. 1, and, Plaintiff attached to the Application a proposed Complaint.  By means of the Application, Plaintiff seeks leave to file in this Court the proposed Complaint to raise claims that on November 14, 2012, he was denied medical treatment because he "tried to use his voice and it did not work.  My lungs started to hurt more and so I went to CO II Morales and asked[ed] to go to Medical.  She ask[ed] why[,] I said I had

Coccidiodomycosis AKA Valley Fever and my lungs were filling with fungus." ECF No. 1-3 at 2. The proposed Complaint concerns treatment or allegedly, lack of treatment received by Plaintiff in Arizona. The only apparent connection to this District is the fact that Plaintiff has named as one of the Defendants, Wexford Health Services, which is apparently the contractor for health care services in Arizona state prisons and which has offices in Pittsburgh.[1]

The Application should be denied. Because Plaintiff did not exhaust his administrative remedies prior to filing this suit, the action is frivolous. Furthermore, permitting Plaintiff's claim of lack of treatment to go forward would be an exercise in futility as the case would be dismissible for failure to exhaust administrative remedies.

First, we find Plaintiff's averment that the claim is not frivolous to be false. Because Plaintiff deliberately failed to exhaust his administrative remedies prior to filing this suit, it is, indeed, "frivolous." See, e.g., Reed v. CCA/Crossroads Correctional Center, No. CV 12–00084, 2012 WL 5830582, at *4 (D.Mont. Oct. 25, 2012) ("Mr. Reed's deliberate failure to exhaust his administrative remedies makes this action frivolous.").

Plaintiff's lack of treatment allegedly occurred on November 14, 2012. Both Plaintiff's Application and his proposed Complaint were signed on November 15, 2012, merely one day following the date that his cause of action arose and, pursuant to the prisoner mail box rule, is

---

[1] See

http://www.wexfordhealth.com/Contact-Us

(site last visited 12/4/2012). We take further notice of the fact that according to the Pennsylvania Department of State, Wexford Health Sources is a foreign business entity with its state of incorporation in Florida, available at:

https://www.corporations.state.pa.us/corp/soskb/Corp.asp?1625275

(site last visited 12/4/2012).

considered to have been filed on November 15, 2012. The Clerk's Office received the Application along with the proposed Complaint on November 26, 2012. Whatever the Administrative Remedies promulgated by the Arizona Department of Corrections, one day is simply not sufficient to exhaust those remedies.[2] Because a prisoner is required to exhaust administrative remedies before initiating a civil action, and cannot do so while the civil action is pending, Plaintiff's Complaint would have to be dismissed prior to service in any event and so, the current action is both frivolous, Reed v. CCA/Crossroads Correctional Center, and, even if permitted to be filed, dismissible. Oriakhi v. U.S., 165 F. App'x 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."); Thompson v. Michigan Dept. of Corrections, 23 F. App'x 486 (6th Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the statute makes exhaustion a precondition to filing an action in federal court .... The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."), *abrogation on other grounds as recognized in*, Pippin v. Allgood, No. 2012 WL 5933002, at *2 (M.D.Tenn., Nov. 27, 2012)). See also Rivera v. Pennsylvania Dept. of Corrections, NO. CIV.A. 09-1604, 2010 WL 4318584 at *1 n.1 (W.D.Pa. Oct. 26, 2010) ("In the context of dismissing a prisoner-plaintiff's complaint pre-

---

[2] We do take judicial notice of the Arizona Department of Corrections grievance policy setting forth a three step process for the formal grievance process, which is available at:

http://www.azcorrections.gov/Policies/800/0802.pdf

(site last visited 12/4/2012).

service for failing to exhaust administrative remedies, the [United States Supreme] Court stated '[a]s noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.'") (quoting Jones v. Bock, 549 U.S. 199, 216 (2007)). Accordingly, because Plaintiff failed to exhaust his administrative remedies prior to initiating the instant civil action, the Application should be denied because the filing of an action by a prisoner who fails to exhaust is frivolous, and in addition, the Complaint would be dismissible pre-service in any event even if the Application were to be granted. This denial is of course, without prejudice to Plaintiff seeking to file his Application in the United States District Court for the District of Arizona where the cause of action arose and where venue is proper.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 5, 2012

cc: Hon. Cathy Bissoon
United States District Judge

Dale Maisano
#077877

Arizona State Prison Complex Tucson
Manzanita 4 B 24 B
P.O. Box 24401
Tucson, AZ 85734